**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EDON KATZ,** § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § **Case No.** <br> **NORTHWESTERN UNIVERSITY** § <br> **SETTLEMENT HOUSE** § **Judge:** <br> § <br> *Defendants.* § <br> § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Edon Katz, by and through undersigned counsel, brings this action against Defendant, Northwestern University Settlement House, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Illinois Human Rights Act, as amended ("IHRA"), 775 ILCS 5 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Northern District of Illinois, because all of the events giving rise to these claims occurred in Cook County, Illinois.

4. Plaintiff is a resident of Cook County, Illinois, and he worked as Director of Operations in Cook County for Defendant.

5. Defendant is a Cook County, Illinois non-profit organization.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

7. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

8. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4) and the IHRA, 775 ILCS 5/2-101(B).

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

## FACTS

11. Plaintiff began working for Defendant as General Counsel on or around January 2020.

12. On or around August 29, 2022, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

13. Plaintiff's disability also qualified as a disability under the IHRA, and as such, Plaintiff is a member of a protected class under the IHRA, who needed a leave of absence or work from home as an accommodation.

14. On or about September 3, 2022, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to care for himself.

15. On or about September 7, 2022, Defendant approved Plaintiff's FMLA request.

16. On or about September 14, 2022, Defendant sent a letter to Plaintiff that attempted to notify him that Defendant considered him a "key employee" under the FMLA and that it could experience substantial and grievous economic injury, but made no attempt to say that it had or, most importantly, provide Plaintiff with the opportunity to save his job if it was indeed in jeopardy due to an actual determination of substantial and grievous economic injury.

17. On November 14, 2022, Defendant informed Plaintiff via phone call that Defendant would be denying Plaintiff to his previous post pursuant to 29 C.F.R. § 825.217, as Defendant claimed Plaintiff was a "key employee" pursuant to the FMLA regulations.

18. However, Defendant failed to comply with 29 C.F.R. § 825.219. Specifically, Defendant failed to (1) explain the basis for the Defendant's finding that substantial and grievous economic injury will result, and (2) provide the employee a reasonable time in which to return to work, taking into account the circumstances, such as the length of the leave and the urgency of the need for the employee to return.

19. On or about November 14, 2022, Plaintiff's employment was terminated and he was unable to receive notice and opportunity to return to work as provided by the FMLA.

20. Plaintiff immediately set about to meet with Defendant and seek reinstatement.

21. On November 21, 2022, Plaintiff received a denial of his request to meet with Defendant.

22. Plaintiff exercised his rights under the FMLA by requesting protected FMLA leave.

23. By failing to comply with the FMLA's regulations concerning alleged "key employees" as well as terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

24. Plaintiff realleges and readopts the allegations of paragraphs 1-23 of this Complaint, as fully set forth herein. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

25. By failing to comply with 29 C.F.R. § 825.219 and ultimately terminating Plaintiff's employment for requesting FMLA leave, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

26. Defendant's actions were willful and done with malice.

27. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a. That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

b. An injunction restraining continued violation of the FMLA by Defendant;

c. Compensation for lost wages, benefits, and other remuneration;

d. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e. Front pay;

f. Liquidated Damages;

    g. Prejudgment interest on all monetary recovery obtained;

    h. All costs and attorney's fees incurred in prosecuting these claims; and

    i. For such further relief as this Court deems just and equitable.

### COUNT II – FMLA RETALIATION

28. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-27 of this Complaint, as fully set forth herein.

29. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

30. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

31. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by not complying with 29 C.F.R. § 825.219(b) and terminating Plaintiff's employment.

32. Defendant's actions were willful and done with malice.

33. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a. That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

    b. An injunction restraining continued violation of the FMLA by Defendant ;

    c. Compensation for lost wages, benefits, and other remuneration;

    d. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment

under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e. Front pay;

f. Liquidated Damages;

g. Prejudgment interest on all monetary recovery obtained;

h. All costs and attorney's fees incurred in prosecuting these claims; and

i. For such further relief as this Court deems just and equitable.

## COUNT III – IHRA VIOLATION (DISABILITY DISCRIMINATION)

34. Plaintiff realleges and readopts the allegations of paragraphs 1-33 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class under the IHRA.

36. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of the IHRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a. A jury trial on all issues so triable;

b. That process issue and that this Court take jurisdiction over the case;

c. Compensation for lost wages, benefits, and other remuneration;

d. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e. Any other compensatory damages, including emotional distress, allowable at law;

 f. Punitive damages;

 g. Prejudgment interest on all monetary recovery obtained;

 h. All costs and attorney's fees incurred in prosecuting these claims; and

 i. For such further relief as this Court deems just and equitable.

**COUNT IV—IHRA VIOLATION (DENIAL OF REASONABLE ACCOMMODATION)**

39. Plaintiff realleges and readopts the allegations of Paragraphs 1-38 of this Complaint, as though fully set forth herein.

40. Plaintiff has a disability, or was perceived by Defendant as having a disability.

41. Defendant failed to provide Plaintiff with a reasonable accommodation for disability, and shortly thereafter, terminated Plaintiff's employment.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the IHRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

 a. A jury trial on all issues so triable;

 b. That process issues and that this Court take jurisdiction over the case;

 c. An injunction restraining continued violation of the law enumerated herein;

 d. Compensation for lost wages, benefits, and other remuneration;

 e. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

 f. Compensatory damages, including emotional distress, allowable at law;

 g. Punitive damages;

 h. Prejudgment interest on all monetary recovery obtained;

    i.    All costs and attorney's fees incurred in prosecuting these claims; and

    j.    For such further relief as this Court deems just and equitable.

## COUNT V – IHRA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1-43 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the IHRA.

46. Plaintiff engaged in protected activity under the IHRA by requesting an accommodation.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the IHRA.

48. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

49. Defendant's actions were willful and done with malice.

50. Defendant took material adverse action against Plaintiff.

51. Plaintiff was injured by Defendant's violations of the IHRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a.  A jury trial on all issues so triable;

    b.  That process issue and that this Court take jurisdiction over the case;

    c.  That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the IHRA;

    d.  Compensation for lost wages, benefits, and other remuneration;

    e.  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

 f. Front pay;

 g. Any other compensatory damages, including emotional distress, allowable at law;

 h. h) Punitive damages;

 i. Prejudgment interest on all monetary recovery obtained;

 j. All costs and attorney's fees incurred in prosecuting these claims; and

 k. For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 6th day of December, 2022.

  Respectfully submitted,

  /s/ *Ethan Zelizer*
  Ethan Zelizer
  Illinois Bar Number 6280096

  **HR LAW COUNSEL**
  29 S. Webster St., Suite 350-C
  Naperville, Illinois 60540
  630.551.8374
  ethan@hrlawcounsel.com

  *Attorney for Plaintiff*